IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CT-3050-FL

| | | |
|---|---|---|
| RONALD McCLARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANN JOYNER, | ) | |
| | ) | |
| Defendant.[1] | ) | |

This matter is before the court on defendant's motion for summary judgment, (DE 64), pursuant to Federal Rule of Civil Procedure 56. The motion was fully briefed and in this posture the issues raised are ripe of ruling. For the reasons that follow, the court grants the motion.

## STATEMENT OF THE CASE

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on February 24, 2017, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendant Ann Joyner, a Maury Correctional Institution accounting technician, refused his requests for his six-month trust fund account statement ("trust fund statement"). According to plaintiff, the United States Court of Appeals for the Fourth Circuit requires that he provide the trust fund statement in order to process his applications to proceed in forma pauperis in his appeals before that court. Plaintiff alleges defendant's actions violated his right to access the courts, and he seeks $10,000 in punitive damages.

---

[1] The court dismissed formerly-named defendant "trust fund officer" by separate order entered February 2, 2018.

On November 7, 2017, the court conducted its frivolity review of plaintiff's complaint, as amended by his numerous subsequent motions to amend, and directed plaintiff to file one amended complaint particularizing his claims. The court directed plaintiff to identify the injury stemming from defendant's actions in the amended complaint.

Plaintiff filed the amended complaint on November 21, 2017. On January 9, 2018, the court conducted its frivolity review of plaintiff's amended complaint, and directed plaintiff to again particularize the complaint. The court noted that plaintiff had failed to identify a legal claim that was dismissed because defendant refused to provide his trust fund statement, and thus the amended complaint did not allege the injury component of his claim.

On January 22, 2018, plaintiff filed the operative amended complaint, which alleged that certain unidentified appeals plaintiff filed in the Fourth Circuit had been dismissed because plaintiff was unable to provide his trust fund statement. On February 2, 2018, the court conducted its frivolity review of the operative amended complaint and allowed the action to proceed.

On June 25, 2018, the court entered case management order governing discovery and dispositive motions practice, and also appointed North Carolina Prisoner Legal Services, Inc. ("NCPLS") to represent plaintiff for the discovery phase of the case. The parties completed discovery on or about February 5, 2019. On February 6, 2019, the court granted NCPLS's motion to withdraw as counsel for plaintiff.

On June 6, 2019, defendant filed the instant motion for summary judgment. In support, defendant relies upon memorandum of law, statement of material facts, and the following: 1) affidavit of defendant; 2) March 1, 2016, email from Lakeitra Coulter to North Carolina Department of Public Safety ("DPS") trust fund staff; 3) April 3, 2017, memorandum from

defendant to plaintiff; 4) affidavit of Kelly Beasley, DPS inmate banking supervisor; and 5) DPS trust fund records for plaintiff's appeals in case numbers 17-7034, and 17-7150. Plaintiff filed response opposing defendant's motion on June 14, 2019, which relies upon memorandum of law, statement of material facts, and the following: 1) defendant's discovery responses; 2) plaintiff's November 9, 2018, certified trust account statement; and 3) plaintiff's declaration.

## STATEMENT OF THE FACTS

The facts, viewed in the light most favorable to plaintiff, may be summarized as follows. On or about April 27, 2016, plaintiff requested defendant provide a "certified" copy of his trust fund statement, which he needed to pursue an appeal in the Fourth Circuit. (Pl.'s Decl. (DE 71-4)). Defendant requested that plaintiff provide copies of his legal work before she issued the trust fund statement. (Id.). Plaintiff provided his appellate brief, but defendant still refused to issue the trust fund statement. (Id.). Plaintiff testified that his appeal was "dismissed" because he could not provide a certified copy of the trust fund statement.[2] (Id.).

## DISCUSSION

A.   Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett,

---

[2] In his unverified complaint, plaintiff alleges that multiple appeals were "dismissed by default" between April 16, 2016, and January 22, 2018, because defendant refused his requests for a certified copy of the trust fund statement. (DE 26 ¶ V).

3

477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (internal quotation omitted).

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc.,

395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

B.   Analysis

Inmates have a constitutional right to reasonable access to the courts. Bounds v. Smith, 430 U.S. 817, 828 (1977), abrogated on other grounds by Lewis v. Casey, 518 U.S. 343 (1996). However, to establish a claim for denial of access to the courts, a plaintiff must allege actual injury, which requires a showing that defendants' conduct hindered his efforts to pursue a legal claim. See, e.g., Lewis, 518 U.S. at 351-52; Michau v. Charleston Cty., S.C., 434 F.3d 725, 728 (4th Cir. 2006). In other words, the actual injury requirement mandates that the plaintiff "demonstrate that a nonfrivolous legal claim had been frustrated or . . . impeded." Lewis, 518 U.S. at 353. To satisfy this requirement, plaintiff must identify, in the complaint, the "underlying cause of action and its lost remedy" and explain how the claim is "nonfrivolous." See Christopher v. Harbury, 536 U.S. 403, 414-16 (2002).

Plaintiff has not demonstrated the actual injury component of his access to the courts claim. Plaintiff alleges that multiple appeals he filed were dismissed "by default" because he was not able to provide a certified trust fund statement, but he has failed to identify even one appeal dismissed on this basis.

Furthermore, review of the Fourth Circuit's public docket reveals that none of the appeals plaintiff filed between January 1, 2016, and January 22, 2018,[3] were dismissed because plaintiff

---

[3]   Plaintiff alleges defendant first denied his request for a certified trust fund statement on April 27, 2016. In an abundance of caution, the court reviewed the Fourth Circuit case dockets for all appeals plaintiff filed between January 1, 2016, and January 22, 2018, the date plaintiff filed the operative amended complaint.

failed to file the trust fund statement. See In re McClary, No. 16-1026 (4th Cir. May 22, 2015) (denying mandamus relief on the merits); McClary v. Munns et al., No. 16-6114 (4th Cir. Nov. 2, 2015) (affirming district court order granting defendants' motion for summary judgment); McClary v. Hopkins, No. 16-7063 (4th Cir. Nov. 22, 2016) (dismissing appeal for lack of jurisdiction); In re McClary, No. 16-1942 (4th Cir. Nov. 21, 2016) (denying mandamus relief on the merits); McClary v. Crosson, No. 16-7175 (4th Cir. Nov. 22, 2016) (dismissing appeal for lack of jurisdiction); McClary v. Lightsey, No. 16-7332 (4th Cir. Jan. 23, 2017) (reversing district court's order dismissing plaintiff's complaint); McClary v. Lawson, No. 17-6313 (4th Cir. June 30, 2017) (affirming district court's order granting defendants' motion for summary judgment); McClary v. Hopkins, No. 17-7034 (4th Cir. Feb. 1, 2018) (dismissing appeal for lack of jurisdiction); McClary v. DeSanis, No. 17-7150 (4th Cir. Jan. 29, 2018) (affirming district court's order denying relief on plaintiff's § 1983 claims); McClary v. Crosson, No. 17-7323 (4th Cir. Feb. 28, 2018) (affirming district court's order denying relief on plaintiff's § 1983 claims); McClary v. Searles, No. 17-7569 (4th Cir. Apr. 3, 2018) (affirming district court's order dismissing plaintiff's complaint). Moreover, the Fourth Circuit granted plaintiff's motions to proceed in forma pauperis in each of the foregoing cases, belying his claim that he was not allowed to pursue these appeals because he could not obtain the trust fund statement. Because plaintiff has not established that defendant's failure to provide a trust fund statement frustrated or impeded his ability to bring a nonfrivolous legal claim, he has not established a violation of his right to access the courts.[4] Accordingly, the court will grant defendant's motion for summary judgment.

---

[4] Additionally, to the extent plaintiff alleges his denial of access to the courts claim against defendant in her official capacity, the action is barred by sovereign immunity. See Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479 (4th Cir. 2005); Lytle v. Griffith, 240 F.3d 404, 408 (4th Cir. 2001).

The court further finds that the amended complaint's factual allegations are blatantly contradicted by the public records set forth above. Accordingly, the court dismisses this action as factually frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). See Denton v. Hernandez, 504 U.S. 25, 32 (1992); see also 28 U.S.C. § 1915(e)(2)(B) (providing the court may dismiss an action "at any time" it deems the action frivolous or malicious); Blakely v. Wards, 738 F.3d 607, 618 (4th Cir. 2013) (summary judgment dismissal may count as strike if the court finds the action is frivolous).

## CONCLUSION

Based on the foregoing, the court GRANTS defendant's motion for summary judgment, (DE 64), and DISMISSES the action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). The clerk is DIRECTED to close this case.

SO ORDERED, this the 16th day of March, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge